# Long's Estate.

*Wills—Vested and contingent remainder.*

A will made in 1867 and becoming operative by the death of the testator in 1870, which gives a portion of the residue to testator's niece for life and after her death to her children "living at the time of her decease," creates in the niece's children a remainder contingent on their being alive at the time of her death.

Argued March 22, 1909. Appeal, No. 360, Jan. T., 1908, by Randolph Clay Murphey et al., from decree of O. C. Phila. Co., Oct. T., 1882, No. 519, dismissing exceptions to adjudicacation in Estate of Charles T. Long, deceased. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication.

LAMORELLE, J., filed the following adjudication:

The fund which is the subject of the present accounting represents the net proceeds arising from a sale in partition in which the accountant was trustee for the share of Helen Y. Shepperd. Upon the death of Helen Y. Shepperd, which occurred March 10, 1908, the principal became presently distributable under the will of Charles T. Long, who died April 11, 1870.

The provisions of his will, dated March 13, 1867, confirmed by codicil, dated January 24, 1870, so far as they apply to the question before the court, are as follows:

"Item.—All the rest residue and remainder of my Estate Real personal and mixed, whatsoever and wheresoever, I order and direct to be divided into three equal parts and the interest and income of one of the said equal one-third parts, I give devise and bequeath unto my beloved niece, Helen Y. Shepperd for and during the term of her natural life, and from and immediately after her decease then I give devise and bequeath the said equal one-third part of my estate to the children of my said niece Helen Y. Shepperd living at the time of her decease share and share alike."

At the time of the death of Helen Y. Shepperd, she had no living child or children. Her one son and only child, John P. Shepperd, died in the year 1897. There was, therefore, no one in existence answering the description of those who, upon her decease, were to take the principal of the estate, and that the gift to her children was contingent upon their being alive at the time of her death under the language of the will is settled by a long line of cases beginning with McBride v.

Smyth, 54 Pa. 245 (decided in the year 1876), and ending with Mulliken v. Earnshaw, 209 Pa. 226 (decided in 1904). In the latter of these cases, after the devise to the widow for life, the will provided "and from and immediately after her death or marriage, I give and devise my real estate unto my children then living. . . ." Said Mr. Justice MITCHELL:

"All these remainders are clearly contingent. No child takes a vested interest because, until the happening of the contingency prescribed, the death of the widow, it cannot appear that he will be in the class to whom the devise is made, to wit: those then living, . . . . that this was the time actually meant by the testator is so clear on the face of the will that it would not admit of contradiction by the presumption of a different intent under any rule of construction."

The claim of the administrator of the estate of John P. Shepperd is accordingly disallowed.

*Errors assigned* were in dismissing exceptions to adjudication.

*Lucius S. Landreth,* with him *William A. Gordon,* for appellants.—The law as it stood at the time this will was made and went into effect (1867–1870) was set forth in: Manderson v. Lukens, 23 Pa. 31; Womrath v. McCormick, 51 Pa. 504.

A will should be construed in the light of the law as it stood at the time the will was made and went into effect: Lisle's Est., 22 Pa. Superior Ct. 262; Geddes v. Brown, 5 Phila. 180; Hood v. Pennsylvania Society to Protect Children, 221 Pa. 474; Carstensen's App., 196 Pa. 325; Safe Dep. & Trust Co. v. Wood, 201 Pa. 420.

A remainder will be held to be vested unless a contrary intention clearly appears: Chew's Appeal, 37 Pa. 23; Coggins's Appeal, 124 Pa. 10; Manderson v. Lukens, 23 Pa. 31; Kenaday v. Sinnott, 179 U. S. 606 (21 Sup. Ct. Repr. 233); Roland v. Miller, 100 Pa. 47; Miller's Appeal, 113 Pa. 459; Ferry's Appeal, 102 Pa. 207; Keene's Estate, 221 Pa. 201.

The intention of the testator, as gathered from the will as a whole, must prevail over technical rules of construction, or

the literal meaning of particular phrases; and in this case it was clearly the testator's intention to create a vested remainder: Provenchere's Appeal, 67 Pa. 463; Middleswarth v. Blackmore, 74 Pa. 414; Schott's Estate, 78 Pa. 40; Finlay v. King, 28 U. S. 346; Phillips v. Davies, 92 N. Y. 199.

No argument nor printed brief for appellee.

PER CURIAM, May 20, 1909:

The decree is affirmed on the adjudication of the auditing judge, approved by the court in banc.